May it please the Court, I'm Matthew McQuaid. I'm representing the appellant, David Conrad, in this matter. The issue in this case, Your Honors, is whether or not the Supreme Court's decision in Pugh v. United States can be applied retroactively on collateral review. The Court in Pugh found that the ex post facto violation in that case, when a defendant is sentenced under the version of the sentencing guidelines promulgated after he committed his crimes and the newer guidelines yield a higher applicable sentencing range than the version in place at the time of the offense. The violation in Pugh is exactly the same violation that And to resolve this issue, we maintain that the Court must determine if the error in sentencing Conrad under the 2009 guidelines instead of the 2001 guidelines was procedural or substantive. And in this case, we argue that it was a substantive error and should be applied retroactively. The decision in Pugh does not speak directly to retroactivity. Pugh suggests at one point that the failure to calculate the correct sentencing guideline range constitutes procedural error. However, the majority in that case concludes its opinion with the statement that the ex post facto clause forbids the government to enhance the measure of punishment by altering the substantive formula used to calculate the applicable guideline range. The Court went on to state that this particular sentencing error was precisely what the amended guidelines did in this case. Doing so, it created a significant risk of a higher sentence for Conrad and offended one of the principal interests of the ex post facto clause, that being fundamental justice. And in order to decide the retroactivity of the ex post facto violation in this case, we believe the Court needs to reconcile this conflict within Pugh, whether it is a substantive or procedural error. And I think that there's evidence in Pugh to suggest that this is a It speaks to the substantive nature of the ex post facto violation when it states that the law need not increase the maximum sentence for which a defendant is eligible in order to violate the ex post facto clause. The Court also says that the fact that the sentencing authority exercises some measure of discretion will not defeat an ex post facto claim. Mr. McQuaid, the change in the guidelines over the relevant time period for Mr. Conrad, if I understand this correctly, involved the amendments that added higher levels for just phenomenally high numbers of child pornography images, correct? Yes. Were there any other relevant changes? Yes. It was also a two-point increase in the base offense level. Just across the board? Yes. So it went from... Okay. But the biggest impact, though, was this number of images. It was the five-level increase, Your Honor, that was given based on number of images that didn't exist in the 2001 guideline. So the ceiling was lower then. Okay. Yes. In page nine of your brief, you're talking about, in essence, how high an increase this would have been over the original earlier guideline range. You said, had the district court decided to deviate upward of six years from the guideline range of 97 to 121 months, it would have had to make distinct and extensive findings to legally support such a variance. Yes. I guess my question is whether it would have been sufficient for the district judge to have said, in my view and in the Sentencing Commission's view, the older guidelines understated the seriousness of this offense conduct for the same reasons that led the Sentencing Commission to raise the guidelines for these circumstances. I think that's a fair argument. That would be enough, right? I think that would be enough. I think in this particular case, obviously, the court did go under 360 to 198. Had it been, and I think Mr. Gutter was correct in reassessing what the guidelines, really what we're talking about is 121 to 151. Yeah, yeah. I'm sorry. That was my mistake and my agreement. No, no. I forgot about that. I think if the court wished to go over 151, go over the high end of the guideline, the 2001 guideline, and made a finding like that, it could support its particular sentence or attempt to support its particular sentence with what Your Honor just said. Yeah. So if that's enough, why is this anything other than a procedural error? Because I think, and I thought a lot about this when I was trying to figure out how to say this, but in USP Hawkins, Judge Robner gave a dissenting opinion and I think she said it best, at least the best way I can say it, I couldn't say it any better, when she said, it seems to me that Pew's reference to procedural error refers to errors made in the procedure required in post-Booker sentencing. That is, the first procedural step any sentencing court must take is to correctly calculate the proper guideline range. She further went on to say that this does not mean that the subsequent substantive error, which in this case was the violation of ex post facto, is not redressable retroactively. She further stated that she saw no reason why Pew's brief reference to procedural error should control what is clearly a substantive rule and should apply retroactively. And I think the point is, is that, and this is the hardest, I've had a hard time trying to understand procedure with substance, but the substance is the amount of years that he was facing. The procedure is to, at the first time, you have to set the sentencing guideline range. In this particular case, it's a significant violation. It's a constitutional violation. It increased, and it substantially increased the range of penalty. I think we talked about procedure. This is the process you have to go through. But in the end, what you use to complete the procedure is years. It's years of sentence. And I think that's the substance that I'm discussing. So I think I understand your point. But I, what it sounds to me like you're saying is the error, however it was categorized, was harmful. Yes. And in that sense, it's substantive. Yes. Because he got the higher sentence under the later guidelines. I'm not sure that really answers the underlying question about how we approach this. And frankly, I'm not sure the Supreme Court has completely answered the question, other than to say, I mean, they have said the calculation of guidelines is a matter of procedure. And I think, Your Honor, I would like to say that Pew does go on to discuss the significance of the guidelines. Not that there's some kind of weak or soft outline for sentencing. But they actually have real weight. They use the word anchor. It anchors the sentencing process. And it's the lodestone. And I think, and George Rodner referred to that in her dissent, in both her dissents and Hawkins. And I believe that it goes to the idea that this is a substantive issue. That when you set a sentencing guideline range, you're beginning the sentencing process. And everything that goes from that is anchored in that initial number that's set. I took that reference to be of anchoring to the psychological literature about decision making and negotiating and so on. But in this kind of a situation, they are advisory. The judge is entitled to take advice from old guidelines, obsolete guidelines, new guidelines, draft guidelines, critiques of the guidelines, right? Yes. And I know that because they're advisory, and I know that I can't stand up here and say 99, 100% that the court couldn't have gone over the 151 months. But I'm saying in this case, how this guideline range was determined in Mr. Conrad's case was a constitutional violation to an extreme level. That he was actually prejudiced by it. And it did cause a much higher sentence than he possibly would have been facing. But I can't exclude to the end. And I understand what Your Honor is saying. Since our circuit law was unique, I gather there's not a circuit split on whether Pew is. Your Honor, I've researched the issue, and I have not found any 2255 situations when it applies to retroactivity. Pew is, this is the first time, I think. I think it would arise only in this circuit, so. That being the case, Your Honors. Okay. Well, why don't you reserve the rest of your time? I will. Thank you. Okay. Thanks, Mr. McQuaid. Mr. Getter? Good morning, Your Honor. May it please the court, Matthew Getter on behalf of the United States. As an initial matter, I just want to simply correct one thing that Mr. McQuaid said. It's contained in our brief as well. But to the extent that the court asked questions about the change in the guidelines between 2001 and 2009, it's actually a five-level increase to the base defense level and a five-level increase. Could you speak up, please? I'm sorry, Your Honor. It is both a five-level increase in the base offense level from 2001 to 2009 and a five-level increase in the number of images. So it's a 10-level increase rather than a seven-level increase. I just want to make sure the record's clear on that. If Congress raised the statutory maximum sentence for some crime, would that be considered a procedural change or a substantive change? I'm not sure I understand your question, Your Honor. You're asking if Congress— Raises the statutory maximum sentence for some particular crime. And is that considered a substantive change in law or procedural? You mean after the defendant's convicted of— Look, I'm just asking you whether raising a statutory maximum is considered procedure or substance. It depends, Your Honor. I don't have a context for your question. What does it depend on? Well, if you're asking, Your Honor— Would you stop asking what I'm asking? What does it depend on? It depends on the posture of the case as an initial matter. Supposing there were no case, there's just a change in the law, raising the maximum. Does that change? Leaving out any application, is it procedural? I think. I would argue it's procedural. Okay. That strikes me as very odd. Well, I— That's like saying, well, if you create a new crime, well, it's procedure. No, not necessarily, Your Honor. If Congress raises the statutory maximum of a crime after the defendant has been charged with that crime, which is what I'm trying to get at by my question to Your Honor, if you're talking about after the defendant has been charged with a crime and the statutory maximum is then raised, is that—that's your question? That's ex post facto. That's ex post facto, Your Honor. In that case, the defendant is facing a more severe punishment. But isn't that true here with a change in the guidelines? No, Your Honor, it's not. He's not facing a higher statutory maximum. No, of course not a statutory maximum. He's not facing a higher penalty. Look, it—would you—isn't he facing the possibility of a higher sentence? Because the judge may look at the new guidelines, say it's a higher guideline. So I'm going to give him a higher sentence. Why isn't that the same as with raising the statutory maximum? Because it doesn't require the judge to do that. Why is that a difference? Why does that bear on procedure versus substance, whether it's discretionary or not with a judge? You're not going to say that every discretionary decision that a judge makes is procedural. No, I'm not saying that, Your Honor. But Your Honor seems to be placing more weight on the guidelines than is due. I'm not talking about weight. I'm talking about whether somehow raising a statutory maximum is substantive, but raising the guidelines ceiling is procedural. It doesn't sound like a difference between procedure and substance. Procedure might be how many people do you need to have on a jury? That's procedure, right? Why is changing punishment levels, whether discretionary or mandatory, why is that procedural rather than substantive? Because, Your Honor, it doesn't mean that he's facing a larger, a higher sentence than he otherwise would have been. It has to do with procedure versus substance. Because I'm going back to the definition of subvorsantee. The reason I mentioned statutory maximum is that changing the statutory maximum doesn't require the judge to impose a heavier sentence. It's optional with him. Why is that any different from raising a guideline ceiling? And I go back to my... The judge retains his option to sentence the defendant more strictly. I fall back on my point, which I think Judge Hamilton was bringing out in his questioning of the appellant, which is that there are a lot of things that a judge can consider. The fact, in passing sentence, the fact that the guidelines have raised, have been... Right, and of course, one thing he'd consider if the statutory maximum has been increased is whether to give a heavier sentence than he could have given previously. Why is that different in some fundamental sense from an increase in the guidelines range? Your Honor, it goes to the nature of the role of the guidelines. And the role of the guidelines, because they're advisory, does not mean... But a statutory maximum does not tell the judge what sentence to impose. And in that respect, also, it's a grant of discretion. If you raise the statutory maximum, you increase the sentencing discretion of the judge. Why is that somehow, you call that substance, and you call doing the same thing with the guidelines procedure? Because changing the guidelines doesn't affect the discretion of the judge. The judge can still give a sentence anywhere within the statutory maximum. That still sounds like you're arguing with Pew, which, frankly, I have some sympathy for, but they've made their decision. Let me try to get at this from a slightly different angle, Mr. Getter. Suppose at the time the crime is committed, the statutory maximum is 10 years. It's later raised to 20 years before the defendant is sentenced, and the judge imposes a sentence of five years. Is there any ex post facto violation? I think the answer is yes, Your Honor. There would be. There is? If the sentence is way below both maximums? I guess it depends if you, and frankly, Your Honor, I haven't parsed this out. It depends on if you're looking at it from the perspective of whether the defendant, whether the definition of a substantive change is such that it means that the defendant simply faced the potential of a higher sentence or a sentence that couldn't otherwise. No, I guess you're right, Your Honor. The answer is no, it couldn't because the sentence that was imposed was not one that couldn't have been imposed before, so the answer is no. It would not be a substantive change. I apologize. I had to think about that a little more. It's okay. You're on the spot. In a way, I'm not. Are there no further questions? You just said there's no difference between raising the statutory maximum and altering guidelines. In either case, the judge is left with discretion. His discretion is length. His discretion is amplified. Are you asking me to respond? Aren't you? I don't think it is, Your Honor. I don't think the judge's discretion has been changed by virtue of the guidelines range. Of course it is because the judge has to explain why he is or is not applying a particular guideline. The judge can't presume the guideline is reasonable when he passes or she passes a sentence. And he can't presume that his statutory maximum is the sentence he has to give. He has to have a reason for his sentence under either whether there's a statutory maximum or there's a guideline ceiling. He has to explain his case. I don't see how he explains his sentence. I don't see how one of them is procedural and the other is substantive. I can't explain it, Your Honor, other than to go back to the point that it doesn't mean that the defendant was facing a sentence. Understand what procedure is. Just think of what procedure means in the law. And what does it have to do with the guidelines range or with a statutory sentencing? Even if it's a procedural error, Your Honor, it still has to be a watershed one and this wasn't. That's a separate question. That's the question whether these watershed, silly term, is limited to substantive changes. If there are no further questions, Your Honor, the government asks that the Mr. Court's opinion be affirmed. Mr. McQuaid. Your Honor, I'll take any other questions the court would have. Otherwise, I have said my piece on this case. Okay. Well, thank you very much. Thank you, Your Honor. To both counsels. Next case for argument is